UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

JUSTIN LEE WHITFIELD, et al.,

    Plaintiffs,

v.

MUNICIPALITY OF FAJARDO, et al.,

    Defendants.

Civil No. 3:01-cv-02647 (JAF)

**OPINION AND ORDER**

**I.**

**Introduction**

This matter is before the court on the Municipality of Fajardo's *Motion Requesting Rescission of Order and Authorization to Cancel Supersedeas Bond* (Docket No. 341), and Plaintiffs' *Motion to Set Aside Stay and Fifth Motion for Execution of Judgment* (Docket No. 343). For the reasons set forth in the following Opinion and Order, the Municipality of Fajardo's motion is GRANTED and Plaintiffs' motion is GRANTED IN PART.

**II.**

**Facts and Procedural History**

The facts of this case are substantially laid out in three previous court opinions: (1) *Whitfield v. Melendez-Rivera*, 431 F.3d 1 (1st Cir. 2005) ("*Whitfield I*"); (2) *Whitfield*

*v. Municipality of Fajardo*, 564 F.3d 40 (1st Cir. 2009) ("*Whitfield II*"); and (3) *Mun. Fajardo v. Srio. Justicia*, 187 D.P.R. 245 (P.R. Sup. Ct., Nov. 8, 2012).[1]

Plaintiffs originally brought this case under 42 U.S.C. § 1983 and P.R. Laws Ann. tit. 31, § 5141, against the Municipality of Fajardo (the "Municipality"), its Mayor and Police Commissioner, and two of its municipal police officers, María Lebrón-Ramos and William Mangomé-Roldán ("the officers"), in their official and individual capacities. A jury reached a verdict in favor of each of the plaintiffs and awarded the parents $500,000 each in compensatory damages, and Whitfield $4,000,000 in compensatory damages against each of the defendants jointly and severally. The jury also awarded Whitfield punitive damages against each of the defendants in their individual capacities.

The First Circuit Court of Appeals vacated the verdicts against the police commissioner, the Municipality, and the mayor, but upheld the liability finding against the two police officers. *Whitfield I*, 431 F.3d at 19. The First Circuit further determined the compensatory damage amount to be excessive and remanded the matter for a new trial on damages. *Id*. On remand, the Plaintiffs agreed to the First Circuit's suggested remittitur. On March 29, 2006, the court entered final judgment in favor of Whitfield in the amount of $3,000,000 and in favor of the parents in the amount of $100,000 each. Each award was to be applied against the officers jointly and severally.

---

[1] At the time of this Opinion and Order, there is no official translation for the Puerto Rico Supreme Court decision. A certified translation of *Fajardo* was provided by the parties and may be found at Docket No. 341-4. This court has reviewed the *Fajardo* decision, both in its original Spanish language and in the certified English language translation. In the English translation, the overriding principles of the Supreme Court decision come through. However, as is often the case, something is lost in translation, and the English translation here fails to convey the same bite as the original language utilized by that court.

The officers requested indemnity from the Municipality pursuant to P.R. Laws Ann. tit. 32, §§ 3085–3092, known as Law 9 (hereinafter "Law 9").[2] On February 23, 2007, the Secretary issued a resolution (the "Resolution") directing the Municipality to pay the amended judgment out of its available funds. (Docket No. 211-2.) Any balance thereafter would be payable by the Commonwealth. (Docket No. 211-2.)

Invoking its ancillary enforcement jurisdiction pursuant to Fed. R. Civ. P. 69(a), this court then ordered the Municipality to pay the practicable amount from its available funds, the remainder to be paid by the Commonwealth. The Municipality filed suit in the Puerto Rico Court of First Instance seeking to nullify the Resolution. Eventually, this court ordered the Municipality to post a supersedeas bond to cover the amount of the amended judgment and suspended ruling on Plaintiffs' requests to execute on the judgment pending the Municipality's appeal to the First Circuit Court of Appeals and until after the Municipality's attack on the Resolution had been decided by the Court of First Instance.

After moving through Puerto Rico's state level courts, the validity and constitutionality of the Resolution came before the Puerto Rico Supreme Court. *See*

---

[2] Law 9 provides generally that a public official or employee of either the Commonwealth of Puerto Rico or a municipality may request the Commonwealth to "assume the payment of any judgment that may be entered against his person." P.R. Laws Ann. tit. 32, § 3085. After receiving the request, the Commonwealth's Secretary of Justice (the "Secretary") "shall determine whether it is in order to pay the full judgment imposed on the public official[ ]." *Id*. § 3087. If the Secretary decides that payment is in order, the public official's employer must pay the indemnity "from [its] available funds." *Id*. § 3092. If those funds are insufficient, the balance is paid by the Commonwealth. *Id.* If the Secretary grants Law 9 benefits to a municipal employee-defendant, the municipality must defray the costs. *Id.*; *see also Whitfield II*, 564 F.3d at 42–43 (explaining the operation of Law 9). At the time Plaintiffs filed suit and pursued their action in this court, the law in Puerto Rico was that the Secretary's decision would bind the Municipality to pay the judgment on behalf of the officers.

*Fajardo*, 187 D.P.R. 245.  The Supreme Court nullified the Resolution and remanded the matter to the Department of Justice to reevaluate whether it would grant Law 9 relief to the officers.  As of the date of this Opinion and Order, neither party has informed the court as to the Department of Justice's decision.

### III.

### Law and Analysis

Judge Pieras previously wrote that "[t]he Court agrees with Plaintiffs that the Municipality's state court challenge to the constitutionality of Law 9 is of no import here in terms of the enforcement of the Final Judgment." (Docket No. 246 at 6.)  In short, Judge Pieras was correct <u>at that time</u>.  Having received this matter after over ten years of litigation, the court is in a unique position to re-examine the earlier orders requiring the Municipality to indemnify the two police officers under Law 9.  Currently, the Plaintiffs' ability to execute on the final judgment is stayed pursuant to Judge Pieras' Order dated December 5, 2007. (Docket No. 251.) Plaintiffs ask the court to lift the stay of execution of the final judgment against the Municipality and order the Municipality to deposit with the Clerk of Court the funds to cover the judgment, pre- and post-judgment interest, and attorney's fees, totaling $5,411,828.00 as of April 28, 2014. (Docket No. 343.)

The Municipality argues that as a result of the decision in *Fajardo*, this court cannot exercise jurisdiction over it and this court's Order entered November 13, 2007 "is mooted *nunc pro tunc*[.]" (Docket No. 341 at 3.)  *Nunc pro tunc* is a Latin phrase meaning "now for then."  *Gutierrez-Castillo v. Holder*, 568 F.3d 256, 261 (1st Cir. 2009). Specifically, the phrase "refers to the power of a court to treat something done

now—typically a court order—as effective as of an earlier date." *Id. (citing Mahabir v. Ashcroft*, 387 F.3d 32, 33 (1st Cir. 2004)). "Nunc pro tunc relief is often granted where a court has itself made an error such as failing to sign an order on an intended date, which it rectifies by labeling the order 'nunc pro tunc' and making it effective as of the earlier date." *Id. (citing United States v. Yeje–Cabrera*, 430 F.3d 1, 16 (1st Cir. 2005)).

*Nunc pro tunc* is not appropriate here. There was no clerical error in the court's earlier judgment or order. In fact, there was no error at all with the court's order requiring the Municipality to post a bond for the judgment amount while the matter made its way through the state courts. At the time the court entered judgment and ordered the Municipality to pay the judgment, there was a valid Resolution requiring the Municipality to indemnify the officers and the Commonwealth of Puerto Rico to pay the remainder. Moreover, the Puerto Rico case law indicated that the Municipality's appeals at the state level would not survive.

The court instead treats the Municipality's motion as motion for relief from the court's November 8, 2007, order under Rule 60(b) and also as a motion to release the bond based on the Puerto Rico Supreme Court's decision in *Fajardo*. Rule 60(b)(6) is a catch-all provision which allows a court to relieve a party from the effects of an order for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). "The decision to grant or deny such relief is inherently equitable in nature." *Ungar v. Palestine Liberation Organization*, 599 F.3d 79, 83 (1st Cir. 2010) (*citations omitted*). Essentially, the Municipality's argument here is that the Resolution is null, it is

Case 3:01-cv-02647-JAF   Document 345   Filed 10/09/14   Page 6 of 9
Civil No. 3:01-cv-02647 (JAF)                                                                    -6-

under no legal obligation to pay the judgment, the purpose of the bond has been fulfilled, and there is no justification for retaining the bond any longer. The court agrees.

### A. The Effect of *Mun. Fajardo v. Srio. Justicia*, 187 D.P.R 245 (Supreme Court of P.R. 2012)

The *Fajardo* opinion, when read in its original Spanish language, is well-written and directly to the point. When analyzing the Secretary's decision to grant Law 9 benefits to the officers in this matter without allowing the Municipality to be heard, the Puerto Rico Supreme Court stated that "it is unsustainable … for the Secretary of Justice to be permitted to unilaterally compromise the funds of autonomous municipalities without even giving them the opportunity of being heard." (Docket 341-4 at 20.) The Court refused to discuss the merits of the case, but declared the February 23, 2007, Resolution a nullity. The court remanded the matter to the Department of Justice for redetermination of eligibility of benefits for the officers. (Docket 341-4 at 21.) To date, there is nothing in the record indicating the status of the Secretary's decision regarding Law 9 benefits to the officers.

After the First Circuit determined that the Municipality was not liable for Plaintiff Whitfield's injuries, the Municipality no longer remained a party to the underlying litigation. Thereafter, this court exercised ancillary jurisdiction over the Municipality pursuant to Fed. R. Civ. P. 69, <u>on the basis of the then valid Resolution.</u> As the matter now stands, the officers in this case do not have benefits under Law 9, and there is no legal obligation for the Municipality to pay judgment against its officers, who were found to have acted with "malice or with intent or reckless indifference" to Plaintiff Whitfield's

constitutional right not to be subjected to excessive or unreasonable force during an arrest. As a result of the nullification of the Resolution, which previously served as the sole basis for ancillary jurisdiction, this court finds, under Fed. R. Civ. P 60(b)(6), that it is no longer equitable to enforce judgment against the Municipality.

The court's finding squares soundly with its sister-court's recent decision in *Burgos-Yantin v. Municipality of Juana Diaz*, 2014 WL 1096016 (D.P.R. Mar. 19, 2014). *Burgos-Yantin* involved a § 1983 action against police officers employed by the municipality of Juana Díaz. Plaintiffs obtained judgment in their favor and the Secretary issued a resolution authorizing Law 9 benefits to the officers. The municipality of Juana Díaz opposed enforcement of the resolution, since it had not been afforded its due process rights as discussed in *Fajardo*. The court stated that *Fajardo* required "the creation of a new administrative scheme that would give municipalities a voice in Law 9 decisions. Nothing in *Fajardo* purported to revoke final, unchallenged resolutions previously issued. *Id*. at *2. The court found that *Fajardo* is prospective in nature and that the resolution at issue had never been appealed or challenged before it became final. *Id.* Unlike in *Burgos-Yantin*, the instant matter deals with a resolution that was timely challenged by the Municipality.

Accordingly, the court's orders dated May 29, 2007, (Docket No. 221), June 25, 2007, (Docket No. 231), and November 13, 2007, (Docket No. 246), requiring the Municipality to pay the court's final judgment, are hereby **VACATED** pursuant to Fed. R. Civ. P. 60(b)(6).

Case 3:01-cv-02647-JAF   Document 345   Filed 10/09/14   Page 8 of 9

Civil No. 3:01-cv-02647 (JAF)                                                                                                -8-

**B.     Defendant's Motion to Release the Supersedeas Bond.**

The court entered final judgment against the individual officers on March 30, 2006, in the amount of $3,200,000, plus pre-judgment and post-judgment interest. (Docket No. 187.) On February 23, 2007, the Secretary issued the Resolution providing Law 9 benefits to the officers. Based on the Resolution, the court then ordered the Municipality to pay the judgment. (Docket Nos. 221 and 231.) On November 13, 2007, the court ordered the Municipality to deposit with the Clerk of Court $3,200,000, plus pre-judgment and post-judgment interest, and attorney's fees and costs, by December 7, 2007. The Municipality moved, pursuant to Fed. R. Civ. P. 62 and Fed. R. App. P. 8, for a stay pending appeal of the November 13, 2007, Order. (Docket. No. 248). The court granted the Municipality's motion and ordered the Municipality to post a supersedeas bond in the amount of $3,200,000. (Docket No. 251). The Municipality complied. (Docket Nos. 255, 258, and 259.)

The Municipality challenged the court's use of ancillary jurisdiction to enforce the judgment against it in the First Circuit. *Whitfield II*, 564 F.3d 40. On April 23, 2009, the First Circuit dismissed the appeal for lack of a final appealable order. *Id.* at 45-46. In its decision, the First Circuit suggested that this court await resolution of the state court proceedings prior to moving forward with the case. *Id*. After remand, in accordance with the First Circuit's suggestion, the court held the matter in abeyance until a final decision was reached on the validity of the Resolution. (Docket No. 287.)

The validity of the Resolution has now been fully adjudicated by the Supreme Court of Puerto Rico. As discussed above, enforcing the execution of judgment against

the Municipality is no longer equitable and the orders requiring the Municipality to pay the judgment have been vacated. Since the bases for requiring the supersedeas bond have been vacated, the Municipality's motion to release the bond is **GRANTED**.

The Clerk of Court is hereby **ORDERED** to release the bond posted by the Municipality. (See Docket No. 258.)

**C.     The Stay is Lifted.**

Plaintiffs' motion to lift the stay and execute the judgment is **GRANTED IN PART**. Consistent with the court's decision above, Plaintiffs may immediately enforce the final judgment of this court (Docket No. 187), entered on March 29, 2006, against co-defendant municipal police officers María Lebrón Ramos and William Mangomé Roldán.

**IV.**

**Conclusion**

Wherefore, for the foregoing reasons, the court's orders (Docket Nos. 221, 231, and 546) are **VACATED**; the Clerk of Court is **ORDERED** to release the supersedeas bond; and Plaintiffs may execute on the final judgment (Docket No. 187).

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 9th day of October, 2014.

                                                                S/José Antonio Fusté
                                                                JOSE ANTONIO FUSTE
                                                                U. S. DISTRICT JUDGE